**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1429**

LAWRENCE ELIOT MATTISON,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee,

and

JANIE D. WILLIS; SCOTT F. BROWN; MICHAEL H. DUNFEE,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:18-cv-00061-RGD-DEM)

Submitted: February 26, 2021                    Decided: March 9, 2021

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence Eliot Mattison, Appellant Pro Se. Sean Douglas Jansen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Eliot Mattison appeals the district court's order granting Defendant's motion to dismiss and dismissing Mattison's claims brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80.  We have reviewed the record and find no reversible error.  Accordingly, we affirm the district court's order and judgment for the alternate reasons stated by the district court.[*]  *Mattison v. United States*, No. 4:18-cv-00061-RGD-DEM (E.D. Va. Feb. 24, 2020).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In its conclusion that Mattison was judicially estopped from pursuing his claims, the district court mistakenly "focus[ed] exclusively on whether [Mattison] knew of the factual basis for [his] legal claims when [he] filed for bankruptcy" and, therefore, "failed to give full effect to the principle that without bad faith, there can be no judicial estoppel." *Martineau v. Wier*, 934 F.3d 385, 394 (4th Cir. 2019) (internal alteration and quotation marks omitted).  However, the court provided several additional grounds for dismissal, and we affirm on those alternate grounds.